■ In the Matter of the Claim of THOMAS TIERNEY, Respondent, v. MONTEFIORE HOSPITAL et al., Respondents, and CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* This is an appeal from a decision of the board which denied the appellant City of New York reimbursement for hospital care and treatment rendered to the claimant Tierney. The claimant was injured in 1953 while employed by the respondent Montefiore Hospital, a private hospital. The respondent hospital had an "ex-medical" compensation policy which did not cover hospitalization and hence the respondent itself rendered care and treatment until May of 1956, when the claimant entered a city hospital. The board found that the claimant's hospitalization "was neither of an emergency nature nor had the City of New York requested authorization for the furnishing of same." Section 13-h of

the Workmen's Compensation Law contained the following exception: "This section shall not apply * * * to any case where the employer or carrier refuses or neglects to authorize any hospital services that may be required under this chapter after the employee shall have requested the employer or carrier to furnish the same, or when the nature of the injury required such services and the employer * * * having knowledge of such injury shall have neglected to provide the same, in such cases the injured employee may select any hospital for care and treatment in accordance with this chapter and the rules prescribed by the chairman." In its application for review the appellant raised the issue that the nature of the injury required hospital services and that the employer, with knowledge of the injury, neglected to provide such services. The claimant was transferred from the respondent hospital to the city hospital in an ambulance. He was accompanied by the respondent's transfer form. This form contained a space entitled "reason for transfer" which was left blank and it contained a box concerning workmen's compensation across which the respondent had typed "Does not apply". Prior to the transfer the respondent had filed an employer's report of injury and before the transfer also a compensation claim had been filed. However the board made no finding as to whether, without authorization for continued treatment and care at another institution, the respondent hospital came within the exception of section 13-h "when the nature of the injury required such services and the employer * * * having knowledge of such injury shall have neglected to provide the same". Decision reversed, and case remitted, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.